IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLE PECK, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:17-CV-2923-N | |
| § | | |
| ASSET MANAGEMENT ASSOCIATES, § | | |
| LLC, § | | |
| § | | |
| Defendants. § | | |

# MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Asset Management Associates, LLC's ("AMA") motion to transfer or dismiss [7]; Plaintiff/Counter-Defendant Cole Peck and Counter-Defendants Ja Lynn Kuo, Karen Kuo, Subho Mullick, James Fletcher III, Salima Thobani, and Gary Mark Wilson's (collectively, the "Guarantors") partial motion to dismiss [17]; and Third-Party Defendants David Shane Shoulders' and Greg McGaw's motions to dismiss [28, 35]. For the reasons set forth below, the Court (1) *sua sponte* dismisses Peck's and AMA's declaratory judgment claims regarding liability for obligations arising after March 6, 2017; (2) denies AMA's motion to transfer or dismiss; (3) grants the Guarantors' motion to dismiss; and (4) denies as moot the Third-Party Defendants' motions to dismiss.

# I. ORIGINS OF THE DISPUTE

This action arises from a commercial lease (the "Lease") between original tenant Ascent, LLC (the "Debtor") and landlord AMA. The Guarantors are a group of doctors who served as the Debtor's principals. Each of the Guarantors, including Peck, signed a guaranty (the "Guaranty") of the Lease.

On November 14, 2016, the Debtor filed for bankruptcy relief under title 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On December 9, 2016, the Debtor moved in the Bankruptcy Court to assign the Lease to Uptown ER, LLC ("Uptown ER"). AMA did not object to the Debtor's motion. And on January 20, 2017, the Debtor filed a notice of cure in which it notified AMA of its contention that no defaults existed under the Lease and that it owed no cure costs to AMA.

On March 6, 2017, the Bankruptcy Court issued an order (the "Sale Order") assigning the Lease to Uptown ER. As a part of the assumption and assignment, the Bankruptcy Court gave AMA notice that the Debtor intended to assume and assign the Lease and that AMA had the ability to appear and object to the assumption and assignment. *See* AMA's Mot. to Dismiss Ex. A 3–4 [7-1]. In issuing the Sale Order, the Bankruptcy Court found that (1) no cure amounts were due under the Lease and (2) Uptown ER had provided adequate assurance of future performance to AMA. *Id*. at 13, 23. Uptown ER thus assumed the Lease.

But on August 16, 2017, AMA sent a letter (the "Demand Letter") to the Guarantors asserting that the Debtor was in default on the Lease for rent that had accrued as of

March 1, 2017 and that the Guarantors were responsible for the past-due rent. AMA now also asserts that Peck is liable under the Guaranty for any future breaches of the Lease by Uptown ER.

Peck filed this action on October 23, 2017, seeking a declaration that (1) he is not liable to AMA for the obligations accruing prior to the Sale Order and (2) he is not liable to AMA for any obligations after the Sale Order [1]. On March 15, 2018, AMA filed counterclaims against the Guarantors for declaratory judgment that the Guarantors are still bound by the Guaranty and for breach of the Guaranty [14]. On April 26, 2018, the Guarantors filed a third-party complaint against McGaw and Shoulders seeking contribution in the event that the Guarantors were found liable under the Guaranty [21].

AMA now moves to dismiss or transfer this action to the Bankruptcy Court. The Guarantors in turn move to dismiss AMA's counterclaim for past-due rent under the Lease. Finally, the Third-Party Defendants move to dismiss the Guarantors' contribution claims.

## II. THE RULE 12(B)(6) LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts

well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer

to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citations omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT *SUA SPONTE* DISMISSES PECK'S AND AMA'S DECLARATORY JUDGMENT CLAIMS REGARDING CONTINUING LIABILITY UNDER THE GUARANTY

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). But "it is well settled by a multitude of cases that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest." 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 2759 (4th ed. 2016); *see also Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984) ("Whether to grant declaratory relief is a matter for the court's sound discretion." (citations and internal quotation marks omitted)). In exercising its discretion, the court has a duty "to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief." 10B WRIGHT & MILLER § 2759.

Here, Peck seeks a declaratory judgment that (1) he has no liability to AMA for obligations accruing prior to the Sale Order and (2) he has no liability to AMA after the Sale

Order. But Peck's obligations under the Guaranty after the Sale Order will only be relevant if Uptown ER, as assignee of the Lease, breaches its Lease obligations. Peck does not assert that such circumstances exist here. *See* Compl. ¶ 15 [1] (alleging that "Uptown ER is in compliance with [its] obligations" under the Lease). The Court in its discretion refuses to hear a dispute regarding what might happen in the event of a post-petition default by Uptown ER when neither party has asserted that Uptown ER has in fact defaulted under the Lease. The Court thus *sua sponte* dismisses Peck's declaratory judgment claim regarding his liability to AMA after the Bankruptcy Court's issuance of the Sale Order on March 6, 2017. For the same reason, the Court *sua sponte* dismisses AMA's counterclaim for declaratory judgment that the Guarantors remain bound by the Guaranty. *See* AMA's Answer and Counterclaims ¶¶ 38–39 [14].

### IV. THE COURT DENIES AMA'S MOTION TO TRANSFER OR DISMISS

AMA moves under Rule 12(b)(6) to dismiss Peck's complaint for failure to state a claim upon which relief can be granted. Alternatively, AMA moves to transfer this action to the Bankruptcy Court. The Court denies AMA's motion.

#### *A. The Court Denies AMA's Motion to Transfer This Action to the Bankruptcy Court*

AMA moves to transfer this action this action to the Bankruptcy Court. AMA argues that Peck's complaint requires interpretation of the Bankruptcy Court's Sale Order and that the Bankruptcy Court is in the best position to interpret its own orders. But for bankruptcy jurisdiction to exist, the dispute must arise under or arise in title 11 of the U.S. Bankruptcy Code or be related to a title 11 case. *See* 28 U.S.C. § 1334(a)–(b) (providing that district

courts have original and exclusive jurisdiction of all title 11 cases except for cases "arising under title 11, or arising in or related to cases under title 11"). None of those circumstances exists here. The Court thus denies AMA's motion to transfer this case to the Bankruptcy Court.

***1. The Bankruptcy Court Lacks Core Jurisdiction over the Parties' Dispute.*** – Core bankruptcy jurisdiction comes in two forms. First, a bankruptcy court has core jurisdiction over disputes "arising under" title 11 of the U.S. Bankruptcy Code. 28 U.S.C. § 157(b). A proceeding arises under title 11 if it involves a "cause of action created or determined by a statutory provision of title 11." *Wood v. Wood*, 825 F.2d 90, 96 (5th Cir. 1987). Second, a bankruptcy court has core jurisdiction over proceedings "arising in" title 11. 28 U.S.C. § 157(b). Proceedings that are "not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy" are considered to arise in title 11. *Wood*, 825 F.2d at 97.

The Bankruptcy Court lacks core jurisdiction over this dispute. Peck has not advanced any cause of action created by the U.S. Bankruptcy Code, so "arising under" jurisdiction does not exist. *See Wood*, 825 F.2d at 96. And Peck's claims, which concern state law questions of guarantor liability, exist outside of the Debtor's bankruptcy proceedings such that "arising in" jurisdiction is also absent. *See id.* Core jurisdiction thus does not exist in this action.

***2. The Bankruptcy Court Lacks Noncore Jurisdiction over the Parties' Dispute.*** – A bankruptcy court has noncore bankruptcy jurisdiction over cases that are "related to" title

11 bankruptcy cases. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(c)(1). A cause of action is related to a bankruptcy case only "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)." *Kimpel v. Meyrowitz*, Adv. No. 10-03227, 2010 WL 5292066, at *5 (Bankr. N.D. Tex. Dec. 20, 2010). A bankruptcy court's adjudication of a noncore proceeding is not final and any determination is subject to de novo review by the district court. 28 U.S.C. § 157(c)(1).

Regardless of its outcome, this action will not affect the Debtor's "rights, liabilities, options, or freedom of action" in any way. *See Meyrowitz*, 2010 WL 5292066, at *5. The dispute is between two nondebtors and concerns questions of state, not bankruptcy, law. *See Wainer*, 984 F.2d at 683 ("Once a lease has been assumed, the rights of the parties are governed by state law unless there are contrary provisions in the Bankruptcy Code." (citations omitted)). Nor could the Debtor be liable in any way under the Lease; under title 11, assignment of a lease relieves the debtor from any liability for any breach of the lease occurring after the assignment. 11 U.S.C. § 365(k) ("Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment."). And neither Peck nor AMA timely filed any proof of claim against the Debtor. As a result, no set of circumstances exists under which this dispute might affect the Debtor so as to confer noncore bankruptcy jurisdiction on the Bankruptcy Court. Because the Bankruptcy Court lacks both core and noncore subject matter jurisdiction over this action, the Court denies AMA's motion to transfer this action to the Bankruptcy Court.

### B. The Court Denies AMA's Motion to Dismiss

AMA also moves to dismiss Peck's complaint for failure to state a claim upon which relief can be granted. The Court denies AMA's motion.

Peck seeks a declaratory judgment that (1) he has no liability to AMA for obligations accruing prior to the Sale Order; and (2) he has no liability to AMA after the Sale Order. In particular, Peck asserts that "the sale, assignment, and assumption of the Lease to Uptown ER constituted a novation and/or material alteration of the Lease relieving Dr. Peck of further liability to" AMA. Compl. ¶ 18 [1]. As stated in Section III *supra*, the Court *sua sponte* dismisses Peck's declaratory judgment claim regarding his liability to AMA after the Sale Order. The Court thus dismisses as moot AMA's motion to dismiss Peck's claim for declaratory judgment regarding his obligations to AMA after the March 6, 2017 Sale Order.

The Court also denies AMA's motion to dismiss Peck's claim for declaratory judgment regarding his liability to AMA for obligations accruing before the Sale Order. Peck's complaint sufficiently alleges that the Bankruptcy Court found that the Debtor was not in default and owed no cure amounts to AMA as of the March 6, 2017 Sale Order. *See* Compl. ¶ 14 [1]. Based on the Bankruptcy Court's finding, Peck has stated a claim under Rule 12(b)(6) for declaratory judgment that he is not liable to AMA for obligations accruing prior to the Sale Order.

## V. THE COURT GRANTS THE GUARANTORS' MOTION TO DISMISS

AMA asserts two counterclaims against the Guarantors, including a claim for breach of the Guaranty. AMA asserts that the Guarantors are liable under the Guaranty for rent that AMA claims came due on March 1, 2017. The Guarantors now move to dismiss, arguing that claim preclusion bars AMA's attempt to recover any rent due on March 1, 2017. The Court grants the Guarantors' motion.

### A. The Bankruptcy Code Does Not Bar Claim Preclusion in This Context

AMA first asserts that the U.S. Bankruptcy Code bars the Guarantors' attempt to invoke claim preclusion. AMA cites a number of authorities for the proposition that the discharge of a debt in bankruptcy does not affect a guarantor's liability on the discharged debt. *See, e.g.*, *NCNB Texas Nat'l Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994) ("The discharge of a debtor in reorganization proceedings does not affect a guarantor's liability." (citations omitted)); 11 U.S.C. § 524(e) (stating that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt"). But the Bankruptcy Court's finding in the Sale Order that no cure amount existed on March 6, 2017 was not a discharge; it was a determination that the Debtor was not in default on the Lease. None of AMA's cited authorities address such a scenario. The Court thus rejects AMA's argument that the U.S. Bankruptcy Code bars claim preclusion in this context.

### B. Claim Preclusion Bars AMA's Counterclaim for Breach of the Guaranty

Claim preclusion, or res judicata, bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (internal quotation marks omitted). Claim preclusion applies where: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016) (internal quotation omitted). Each claim preclusion element is satisfied here. The Court thus grants the Guarantors' motion to dismiss AMA's counterclaim for breach of the Guaranty.

***1. The Parties to This Action are Identical or in Privity.*** – For claim preclusion purposes, the parties to the later action need not be "formal or paper parties" to the earlier action; they need only be "persons whose interests [were] properly placed before the court" in the earlier action. *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir. 1984). AMA and the Guarantors satisfy this standard.

Although AMA was not formally named in the underlying bankruptcy proceeding, it received notice that its pre-assumption rights under the Lease would be adjudicated by the Sale Order. *See* App. in Supp. of Guarantors' Mot. to Dismiss ("Guarantors' App.") 22–23 [19-1]. Such notice properly placed AMA's interests before the Bankruptcy Court such that AMA was a "party" to the bankruptcy proceedings for claim preclusion

purposes. *See Southmark Props.*, 742 F.2d at 869–70. Indeed, AMA does not contest that it was a party to the proceedings.

And while the Guarantors were also not formal parties to the bankruptcy proceeding, they were in privity with the Debtor. Courts in the Fifth Circuit find privity for claim preclusion purposes where the nonparty's "interests were represented adequately by a party in the original suit." *Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987) (quoting *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 864 (5th Cir. 1985)). Adequate representation requires "virtual representation, by which a nonparty may be bound because the party to the first suit 'is so closely aligned with [the nonparty's] interests as to be his virtual representative.'" *Benson*, 833 F.2d at 1175 (quoting *Freeman*, 771 F.2d at 864). For example, the court in *Continental Illinois National Bank and Trust Company of Chicago v. Windham* found that privity existed between a guarantor and debtor where the guarantor was "the president, director, and sole shareholder of [the debtor], was in full control of [the debtor], and had notice and an opportunity to participate in [the debtor's] bankruptcy proceedings," and where the guarantor "directed and dictated [the debtor's] course of conduct in the bankruptcy action." 668 F. Supp. 578, 583 (E.D. Tex. 1987).

Similar facts exist here. The Guarantors collectively held all of the Debtor's equity, were in full control of the Debtor, and had notice of and an opportunity to participate in the Sale Order proceedings. And the Guarantors all participated in and dictated the Debtor's decision to file for bankruptcy protection, as evidenced by their written consents to the

Debtor's bankruptcy filing. *See* Guarantors' App. 5–11 [19-1] (setting forth Guarantors' consent to Debtor's bankruptcy filing). The Court thus holds that the Guarantors were in privity with the Debtor for purposes of claim preclusion.

Because both AMA and the Guarantors are either identical to or in privity with parties that participated in the bankruptcy proceeding, the first claim preclusion element is satisfied.

***2. The Bankruptcy Court Rendered Judgment as a Court of Competent Jurisdiction in the Bankruptcy Proceeding.*** – The Bankruptcy Court had proper jurisdiction under 28 U.S.C. § 1334 over the bankruptcy proceeding, and AMA does not contest that the Bankruptcy Court rendered judgment as a court of competent jurisdiction. The second claim preclusion element is thus satisfied.

***3. The Sale Order was a Final Judgment on the Merits.*** – The Bankruptcy Court's Sale Order was a final determination that no cure amounts, and thus no defaults, existed under the Lease as of March 6, 2017. AMA also appears to concede that the Sale Order qualified as a final judgment on the merits. The third claim preclusion element is therefore satisfied.

***4. The Bankruptcy Proceeding and AMA's Counterclaim Involve the Same Claim.*** – Finally, both the bankruptcy proceeding and AMA's counterclaim for past-due rent involve the same claim. Courts in the Fifth Circuit apply a "transactional test" for determining whether claims or causes of action in two proceedings are the same for claim preclusion purposes. *Southmark Props.*, 742 F.2d at 870–71. In particular, courts examine the "central

transaction involved" in both proceedings to determine whether the allegations involve a "common nucleus of operative facts." *Id*. at 871.

Here, AMA's claim against the Guarantors concerns an alleged default under the Lease that AMA asserts triggered the Guarantors' obligations for rent due on March 1, 2017. But the Bankruptcy Court already addressed this claim when it held that no defaults existed under the Lease as of March 6, 2017. Because AMA's counterclaim for past-due rent under the Lease and the Bankruptcy Court's determination that no defaults existed under the Lease both involve a "common nucleus of operative facts," *see id.*, the fourth and final claim preclusion element is satisfied. The Court therefore grants the Guarantors' motion to dismiss AMA's counterclaim for breach of the Guaranty under the doctrine of claim preclusion.

Because the Court grants the Guarantors' motion to dismiss AMA's counterclaim for breach of the Guaranty and *sua sponte* dismisses AMA's counterclaim for declaratory judgment, *see* Section III *supra*, the Court denies as moot the Third-Party Defendants' motions to dismiss the Guarantors' contribution claims [28, 35].

### Conclusion

The Court (1) *sua sponte* dismisses Peck's and AMA's claims for declaratory judgment regarding the Guarantors' future liability under the Guaranty; (2) denies AMA's motion to transfer or dismiss [7]; (3) grants the Guarantors' motion to dismiss [17]; and (4) denies as moot the Third-Party Defendants' motions to dismiss [28, 35].

Because the Bankruptcy Court determined that no defaults existed under the Lease as of March 6, 2017, the Court believes that there may be no genuine dispute of material fact

regarding whether Peck is liable under the Sale Order for rent that was due as of March 1, 2017. The Court is thus contemplating granting summary judgment *sua sponte* on Peck's remaining claim for declaratory judgment regarding his pre-Sale Order obligations. *See* FED. R. CIV. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Any response in opposition to summary judgment should be filed within 21 days of the date of this Order.

Signed July 18, 2018.

_____
David C. Godbey
United States District Judge