IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLE PECK, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:17-CV-2923-N |
| § | | |
| ASSET MANAGEMENT ASSOCIATES, § | | |
| LLC, § | | |
| § | | |
| Defendant. § | | |

## ORDER

Pursuant to Federal Rule of Civil Procedure 56(f), the Court gave notice to the parties that it was considering granting summary judgment *sua sponte* on Plaintiff Cole Peck's remaining claim for declaratory judgment. *See* July 18, 2018 Order [41]. After considering the parties' responses [42], [48], the Court grants summary judgment on Peck's claim for declaratory judgment regarding his liability to Defendant Asset Management Associates, LLC ("AMA") for rent that was allegedly due as of March 1, 2017. The Court also denies Peck and AMA's motions for reconsideration [43], [46].

### I. ORIGINS OF THE DISPUTE

This action arises from a commercial lease (the "Lease") between original tenant Ascent, LLC (the "Debtor") and landlord AMA. The Guarantors are a group of doctors who served as the Debtor's principals. Each of the Guarantors, including Peck, signed a guaranty (the "Guaranty") of the Lease.

On November 14, 2016, the Debtor filed for bankruptcy relief under title 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On December 9, 2016, the Debtor moved in the Bankruptcy Court to assign the Lease to Uptown ER, LLC ("Uptown ER"). AMA did not object to the Debtor's motion. And on January 20, 2017, the Debtor filed a notice of cure in which it notified AMA of its contention that no defaults existed under the Lease and that it owed no cure costs to AMA.

The Bankruptcy Court then issued an order (the "Sale Order") on March 6, 2017, assigning the Lease to Uptown ER. As part of the assumption and assignment, the Bankruptcy Court gave AMA notice that the Debtor intended to assume and assign the Lease and that AMA had the ability to appear and object to the assumption and assignment. In issuing the Sale Order, the Bankruptcy Court found that (1) no cure amounts were due under the Lease and (2) Uptown ER had provided adequate assurance of future performance to AMA. *See* AMA's Mot. to Dismiss Ex. A 13, 23 [7-1]. Uptown ER thus assumed the Lease.

However, on August 16, 2017, AMA sent a letter to the Guarantors asserting that the Debtor was in default on the Lease for rent that had accrued as of March 1, 2017 and that the Guarantors were responsible for the past-due rent. Peck then filed this action on October 23, 2017, seeking a declaration that he is not liable to AMA. The Court has since dismissed all of the parties' claims, except Peck's remaining claim for declaratory judgment regarding his pre-Sale Order obligations. *See* July 18, 2018 Order.

## II. The Court Grants Summary Judgment *Sua Sponte*

Rule 56(f) permits a district court, after "giving notice and a reasonable time to respond," to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). In its July 18, 2018 Order, the Court gave notice to the parties that it was considering summary judgment and gave them 21 days to file responses. *See* July 18, 2018 Order at 14–15. The parties responded, and the Court finds that there is no genuine dispute of material fact regarding whether Peck is liable to AMA under the Sale Order for rent that was due as of March 1, 2017.

This Court already dismissed AMA's claim that Peck is liable under the Guaranty for rent that allegedly came due on March 1, 2017. *Id*. at 10–14. This Court held that the doctrine of claim preclusion barred AMA's claim because the Bankruptcy Court held that no past-due amounts existed under the Lease as of March 6, 2017. The Court therefore gave the parties notice that it was considering granting summary judgment *sua sponte* on Peck's remaining claim for declaratory judgment, which involves the same March 2017 past-due rent issue.

After reviewing the parties' responses, the Court finds that there is no genuine dispute of material fact regarding Peck's liability for rent allegedly due on March 1, 2017. The Court rejects AMA's argument that because the claims arise under the Guaranty, the Bankruptcy Court's conclusions under the Lease are not controlling. The Fifth Circuit follows the transactional test for determining whether two nominally different claims are one in the same.

*Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir. 1984). The issue here centers on rent due as of March 1, 2017, which is identical to the issue determined by the Bankruptcy Court on March 6, 2017. And in its Notice of Final Asset Purchase Agreement, entered on March 27, 2017, the Bankruptcy Court again recognized that no amounts were owed under the lease as of March 20, 2017. *In re Ascent Group, LLC*, No. 16-34436 (Bankr. N.D. Tex. March 27, 2017) [159]. AMA, despite being given notice in the bankruptcy proceeding, did not object to such findings that no cure amounts or defaults existed under the Lease and chose not to object to the assumption and assignment of the Lease; it is estopped from doing so now.

Under the Declaratory Judgement Act, this Court has discretion to declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. As stated above, the Court already dismissed AMA's claim against Peck for March 2017 rent under the doctrine of claim preclusion. With regard to Peck's claim for declaratory judgment on the same issue, the Court finds that there is no genuine dispute of material fact regarding Peck's liability to AMA for rent due as of March 1, 2017. The Court therefore grants summary judgment *sua sponte* in favor of Peck on his remaining declaratory judgment claim.

Accordingly, the Court renders declaratory judgment that Peck owes nothing under the Guaranty for rent accruing on or before March 6, 2017.

### III. THE COURT DENIES THE PARTIES' MOTIONS FOR RECONSIDERATION

Peck and AMA both filed motions for reconsideration of the Court's July 18, 2018 Order. The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.

Federal courts, however, have considered motions for reconsideration to serve the limited purpose of "correct[ing] manifest errors of law or fact or to present newly discovered evidence." *Neaville v. Wells Fargo Bank, N.A.*, 2013 WL 12124590, at *1 (N.D. Tex. June 4, 2013) (quoting *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 2005 WL 827076, at *1 (N.D. Tex. Apr. 6, 2005)).  But litigants are expected to advance their strongest arguments the first time a court considers the case; and a motion for reconsideration "is not to be used to as a means for rehashing old arguments or to advance a legal theory that could have been presented earlier." *Id*.  And the court ultimately has discretion to grant or deny a motion for reconsideration.  *See Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009).

Here, the Court finds no manifest error of law or fact to justify granting AMA's motion for reconsideration.  With regard to Peck's motion, the Court dismissed Peck's claim for future liability under the Guaranty because it declined to speculate about "what might happen in the event of a post-petition default . . . when neither party has asserted that Uptown ER has in fact defaulted under the Lease."  July 18, 2018 Order at 6.  While the Court recognizes Peck's concern that he will be in "legal limbo" should the Court refuse to declare that he has no future liability to AMA, Peck's future obligations are only relevant if Uptown ER, as assignee of the Lease, breaches its Lease obligations.  Neither party alleges that Uptown ER has breached its lease obligations.  The Court therefore denies Peck's motion for reconsideration.

Signed October 12, 2018.

_____
David C. Godbey
United States District Judge