**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **COLE PECK,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ASSET MANAGEMENT ASSOCIATES LLC,** | § | |
| | § | |
| | § | |
| **Defendant/Counter-Plaintiff,** | § | **Case No. 3:17-cv-02923-N** |
| | § | |
| **v.** | § | |
| | § | |
| **JA LYNN KUO, KAREN KUO, SUBHO MULLICK, JAMES FLETCHER III, SALIMA THOBANI, GARY MARK WILSON,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Counter-Defendants,** | § | |
| **v.** | § | |
| | § | |
| **GREG MCGAW and DAVID SHANE SHOULDERS,** | § | |
| | § | |
| | § | |
| **Third-Party Defendants.** | § | |

---

**DEFENDANT ASSET MANAGEMENT ASSOCIATES LLC'S
REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

---

Defendant Asset Management Associates LLC ("Landlord" or "AMA") files this Reply in

Support of its Motion for Attorneys' Fees and would respectfully show as follows:

## I.
## SUMMARY

As explained in AMA's original Motion, the relevant provision allocates to Landlord/AMA "all costs incurred by Landlord in enforcing its rights and remedies under the Lease and/or this Guaranty, including reasonable attorneys' fees, court costs and investigation expenses." [Dkt. 61, Mot. at 3.] Noticeably absent from this provision is *any* qualifier that Landlord's efforts "in enforcing its rights and remedies" must reach some level of success. In contrast, all of Guarantors' cited cases contain qualifiers. In sum, the plain language of the Guaranty, the caselaw cited by Guarantors, and the contrast between the attorneys' fees provisions of the Guaranty and the Lease all reach one singular conclusion: AMA need not have prevailed to receive attorneys' fees.

## II.
## ARGUMENT

### A.     The plain language of the Guaranty does not require success

Guarantors' Response frames the issue as "whether Landlord 'enforce[d] its rights and remedies under the Lease and/or Guaranty' through this suit," and repeatedly asserts that Landlord has not "enforc<u>ed</u>" the Guaranty. [Dkt. 63, Resp. at 4 (emphasis added).] But Guarantors' paraphrasing of the Guaranty[1] misleads by changing the tense of the Guaranty, because the relevant question here is not whether Landlord *enforced* the Guaranty, but instead whether Landlord *incurred costs in enforcing* the Guaranty. Implicit in this phrasing is that while Landlord's costs were being incurred, the eventual outcome of Landlord's enforcement efforts could not be known, and so attorneys' fees could not depend on outcome.

AMA's careful reading of tense finds support in a Fifth Circuit opinion interpreting a statute relating to immigration, which held:

---

[1]    "Guarantor absolutely, unconditionally and irrevocably guarantees to Landlord" reasonable attorney's fees incurred "in enforcing its rights and remedies" under the Lease and Guaranty. [Dkt. 61, Mot. at 3.]

The plain text of Section 922(g)(5) similarly does not suggest that it covers only aliens who are not later found to be legally present. *Instead, the use of the present tense—"is illegally or unlawfully in the United States"—indicates a concern with the status of the alien at time of arrest*. . . . Someone ordered deported is here unlawfully. *Though that decision may be vacated or reversed*, once an alien is deemed deportable, he falls precisely into a category of persons Congress believes "may not be trusted."

*United States v. Lim*, 897 F.3d 673, 684 (5th Cir. 2018) (emphasis added).

## B.     Guarantors' cited cases support AMA

Guarantors cite three cases in support of their definition of "enforce." [*See* Dkt 63, Resp. at 4.] But these cases support AMA because they establish that when an attorneys' fee provision conditions enforcement on success, it utilizes express language beyond the word "enforce" to do so, language which is absent from the Guaranty. For example, in *Wibbenmeyer,* the attorneys' fees provision stated: "[a]ny party that *successfully enforces* this agreement in a court of law or equity shall be entitled to its attorney and expert witness fees."[2] And in *Siskin*, the attorneys' fee provision stated: "*In the event of default under any of the terms and conditions of this Agreement*, the defaulting party agrees to pay in addition to any sum which may be awarded by a court of competent jurisdiction, the costs incurred by the non-defaulting party in enforcing this Agreement, including reasonable attorney's fees."[3]

It is no surprise *Wibbenmeyer* and *Siskin* conditioned enforcement on prevailing, given the former used the language "successfully enforces," while the latter made attorneys' fees contingent on the "event of default."

---

[2]    *Wibbenmeyer v. Tech Terra Commc'ns, Inc.*, No. 03-09-00122-CV, 2010 Tex. App. LEXIS 2203, at *14 (Tex. App.—Austin Mar. 26, 2010, pet. denied) (mem. op.) (emphasis added).

[3]    *Siskin Enters., Inc. v. W.B. Stoddard, Jr., Inc.*, 147 F. Supp. 2d 1126 (D. Utah. 2001) (emphasis added). Guarantors' last cited case, *Dozier v. City of Gatesville*, 51 S.W.2d 1091, 1094 (Tex. Civ. App.—Waco 1932, no writ) is inapposite because it related to a city's agreement "to enforce the collection of" paving certificates against certain property owners and that the parties "construed and understood the contract to mean that [the city] was guaranteeing the payment of said certificates." *Id.*

**C.     The context of the Guaranty supports the award of attorneys' fees**

Guarantors here understood what express language was necessary to make attorneys' fees

contingent on prevailing, because the Lease to which the Guaranty was attached did exactly that:

> If either party institutes a suit against the other party for violation of or to enforce
> any covenant or condition of this Lease, or if either party intervenes in any suit in
> which the other party is a party to enforce or protect its interest or rights, *the
> prevailing party* shall be entitled to all of its costs and expenses, including
> reasonable attorneys' fees. *The term "prevailing party" is defined to mean the party
> who obtains a final unappealable determination of wrongful conduct by the other
> party regardless of whether actual damages are awarded.*

[Dkt. 39-1 at AMA000069, Lease ¶ 26 (emphasis added).]

This interplay between the Lease and Guaranty confirms AMA's entitlement to attorneys'

fees. The Guarantors executed the Guaranty "to induce [AMA] to enter into" the Lease. [*Id.* at

AMA000089, Guaranty ¶ 1.] The Lease and Guaranty intentionally differed in their attorneys' fees

provisions, with the Lease's mutual and dependent on prevailing, while the Guaranty's was one-

sided in AMA's favor and not dependent on prevailing.

Had the parties intended for the attorneys' fees provision of the Guaranty to also require

prevailing, they would have stated so, and this intentional omission of prevailing party language

in the Guaranty must be given effect. *See Wibbenmeyer*, 2010 Tex. App. LEXIS 2203, at *12.

("We must construe the contract as a whole 'in an effort to harmonize and give effect to all the

provisions of the contract so that none will be rendered meaningless.'")

### III.
### CONCLUSION

For the reasons set forth in this Reply and the Motion, AMA respectfully requests the Court

award it $39,731.40 in attorneys' fees it incurred in this matter.

Dated: November 30, 2018                    Respectfully submitted,

                                            **PLATT CHEEMA RICHMOND PLLC**

                                            By: _s/ Bill S. Richmond___
                                            Bill S. Richmond
                                            Texas Bar No. 24066800
                                            brichmond@pcrfirm.com
                                            Andrew Lin
                                            Texas Bar No. 24092702
                                            alin@pcrfirm.com
                                            1201 N. Riverfront Blvd., Suite 150
                                            Dallas, Texas 75207
                                            214.559.2700 Main
                                            214.559.4390 Fax

                                            **COUNSEL FOR DEFENDANT**

                          **CERTIFICATE OF SERVICE**

     The undersigned counsel for Defendant does certify that he served this pleading on all
counsel of record by electronic filing on November 30, 2018 through the CM/ECF system.


                          _/s/ Andrew Lin_